AO 245B  (Rev 06/05)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER:  8:09-cr-223-T-30EAJ |
| | USM NUMBER:   50955-018 |
| vs. | |
| PRUDENCIO PANAMENO-RAMOS | Defendant's Attorney: Adam Tanenbaum, pda. |

THE DEFENDANT:

X  pleaded guilty to count(s) ONE, TWO, THREE and FOUR of the Superseding Indictment.
_  pleaded nolo contendere to count(s) which was accepted by the court.
_  was found guilty on count(s)  after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 2285(a) and(b) | Conspiracy to Operate a Semi-Submersible Vessel Without Nationality and With Intent to Evade Detection | May 6, 2009 | One |
| 18 U.S.C. §§ 2285(a) and (b)(2) | Operating a Semi-Submersible Vessel Without Nationality and With Intent to Evade Detection | May 6, 2009 | Two |
| 46 U.S.C. §§ 70503(a)(1) 70506(a) and (b); and 21 U.S.C. § 960(b)(1)(B)(ii) | Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of Cocaine While Aboard a Vessel Subject to the Jurisdiction of the United States | May 6, 2009 | Three |
| 46 U.S.C. §§ 70503(a)(1) 70506(a) and (b); and 21 U.S.C. § 960(b)(1)(B)(ii) and 18 U.S.C. § 2 | Possession  with Intent to Distribute 5 Kilograms or More of Cocaine While Aboard a Vessel Subject to the Jurisdiction of the United States | May 6, 2009 | Four |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_ The defendant has been found not guilty on count(s)
X  Counts ONE and TWO of the underlying Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: January 21, 2010

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: January 22, 2010

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | PRUDENCIO PANAMENO-RAMOS | Judgment - Page _2_ of _6_ |
| Case No.: | 8:09-cr-223-T-30EAJ | |

## IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ONE HUNDRED and THIRTY-FIVE (135) MONTHS. This term consists of ONE HUNDRED and THIRTY-FIVE (135) MONTHS as to Counts One, Two, Three, and Four of the Superseding Indictment, all such terms to run concurrently.

_X_ The court makes the following recommendations to the Bureau of Prisons:  The defendant shall be placed at FCI McRae (GA).

_X_ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

  __ at __ a.m./p.m. on __.
  __ as notified by the United States Marshal.

__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

  __ before 2 p.m. on __.
  __ as notified by the United States Marshal.
  __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

  Defendant delivered on _____ to _____
__ at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy United States Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant:     PRUDENCIO PANAMENO-RAMOS | Judgment - Page _3_ of _6_ |
| Case No.:     8:09-cr-223-T-30EAJ | |

## SUPERVISED RELEASE

         Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS.** This term consists of **THREE (3) YEARS** as to Counts One and Two of the Superseding Indictment and **FIVE (5) YEARS** as to Counts Three and Four of the Superseding Indictment, all such terms to run concurrently.

         The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

_X_     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

_X_     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

_X_     The defendant shall cooperate in the collection of DNA as directed by the probation officer.

         If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

         The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)     the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)     the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)     the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)     the defendant shall support his or her dependents and meet other family responsibilities;

5)     the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)     the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)     the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)     the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)     the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)     the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)     the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)     the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)     as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant: PRUDENCIO PANAMENO-RAMOS | Judgment - Page _4_ of _6_ |
| Case No.: 8:09-cr-223-T-30EAJ | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

_X_   Should the defendant be deported, he shall not be allowed to re-enter the United States without the express permission of the appropriate governmental authority.

_X_   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

_X_   The mandatory drug testing provisions  pursuant to the Violent Crime Control Act are waived.

AO 245B (Rev 06/05) Sheet 5  - Criminal Monetary Penalties (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant: PRUDENCIO PANAMENO-RAMOS | Judgment - Page _5_ of _6_ |
| Case No.: 8:09-cr-223-T-30EAJ | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $400.00 | Waived | N/A |

___ The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

___ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| Totals: | $ | $ | |

___ Restitution amount ordered pursuant to plea agreement  $ _____.

___ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

___ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ___ the interest requirement is waived for the ___ fine ___ restitution.

   ___ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant:     PRUDENCIO PANAMENO-RAMOS | Judgment - Page _6_ of _6_ |
| Case No.:     8:09-cr-223-T-30EAJ | . |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.    _X_    Lump sum payment of $ _400.00_ due immediately, balance due

         ___ not later than _____, or

         ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.    ___    Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.    ___    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.    ___    Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.    ___    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.    ___    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___    Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

___    The defendant shall pay the cost of prosecution.

___    The defendant shall pay the following court cost(s):

___    The defendant shall forfeit the defendant's interest in the following property to the United States:

     The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.